JOSIAH MATZENBAUGH

*v.*

ROBERT DOYLE.

*Filed at Ottawa May 15, 1895.*

1. EVIDENCE—*to sustain confession in vacation not admissible.*   Extrinsic evidence of partial payments upon a judgment note, to arrest the Statute of Limitations, is inadmissible to sustain a judgment formerly entered upon warrant of attorney before the clerk, where the note appeared, upon its face, to be barred at the time the judgment was entered.

2. SAME—*judgment entered before clerk—presumptions.*   No presumptions will be indulged that evidence was presented or heard other than that appearing in the record of a judgment entered upon a warrant of attorney before the clerk, who is a mere ministerial officer.

3. LIMITATIONS—*confession upon barred note not warranted.* A warrant of attorney to confess judgment upon a note confers no authority to confess such judgment after the remedy for the debt has become barred by limitation.

4. JUDGMENT—*by confession on barred note set aside.* A judgment entered by confession on a note more than ten years overdue, without evidence of any fact taking it out of the Statute of Limitations, except a statement in an affidavit that a certain sum is due on the note according to its tenure and effect, will be set aside, as such statement is not inconsistent with the bar of the statute.

5. PLEADING—*of Statute of Limitations not necessary in confession.* The rule that the Statute of Limitations is not available as a defense unless pleaded, does not apply to a judgment entered *ex parte* upon a warrant of attorney, as no opportunity is afforded the defendant to make a plea.

*Matzenbaugh* v. *Doyle,* 56 Ill. App. 343, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Iroquois county; the Hon. CHARLES R. STARR, Judge, presiding.

KAY & KAY, for appellant:

The clerk's powers are purely ministerial. He can only act upon the papers filed with him. What the law requires as essential is well defined, and it matters not what else may appear. *Roundy* v. *Hunt,* 24 Ill. 598; *Bush* v. *Hanson,* 70 id. 480; *Tucker* v. *Gill,* 61 id. 236.

In order to raise the bar of the statute, at law, it seems to be well settled that it must be pleaded. *Parkhurst* v. *Race,* 100 Ill. 558; *Emory* v. *Keighan,* 88 id. 482; *Gebhart* v. *Adams,* 23 id. 397; *Barstow* v. *McLachlan,* 99 id. 641; *Burnap* v. *Wight,* 14 id. 304; *Borders* v. *Murphy,* 78 id. 81; 13 Am. & Eng. Ency. of Law, p. 769, note 6; Kinney's Digest, 1732.

In declaring upon a note upon its face apparently barred by the statute, but in fact kept alive by a new promise or payment, the pleader need not notice the apparent bar, and it is for the defendant, if he desires to raise the question, to set up his defense by a plea. *Backus* v. *Clark,* 1 Kan. 303; 13 Am. & Eng. Ency. of Law, p. 771, note 7, and p. 772, note 1.

In this State the Statute of Limitations does not bar the right,—it applies only to the remedy.   *Schifferstein* v. *Allison,* 24 Ill. App. 294; *Keener* v. *Crull,* 19 Ill. 189; *Newland* v. *Marsh,* 19 id. 376.

DOYLE & HILSCHER, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

On the third day of November, 1890, Josiah Matzenbaugh, for the purpose of entering judgment by confession against Robert Doyle, filed with the clerk of the circuit court of Iroquois county, in vacation, the following papers:   (1) A promissory note for $1075, executed by the defendant and one Charles Morris, dated May 16, 1878, payable to the order of the plaintiff, thirty days after date, with interest after maturity at the rate of ten per cent per annum.   (2) A warrant of attorney executed by the defendant and Morris, authorizing any attorney of any court of record to enter their appearance in any court of record, in term time or vacation, at any time after the maturity of the note, and waive service of process and confess judgment against them in favor of the plaintiff upon the note, for so much as might appear to be due according to the tenor and effect thereof, together with costs and $10 attorney's fees.   (3) A declaration on the note, and a *cognovit* confessing judgment thereon for $1482.57.   (4) The plaintiff's affidavit proving the genuineness of the defendant's signature to the note and warrant of attorney, and also stating that the defendant was alive; that the sum of $1482.57 was then due on the note according to its tenor and effect, and that Charles Morris was dead.   Upon the filing of these papers the clerk entered up a judgment in favor of the plaintiff and against the defendant for $1482.57 and costs.

No writ of execution having been issued on the judgment, the plaintiff, in October, 1893, sued out a *scire facias* to revive it, and that writ having been served on the de-

fendant, he appeared and moved the court to vacate the judgment, the ground upon which the motion was based being, that at the time the judgment was entered the note appeared to be barred by limitation, and that the confession of judgment was therefore without authority. The plaintiff, upon the hearing of the motion, offered to show by affidavit that several payments had in fact been made by the defendant on the note, and that the last payment was made within less than ten years prior to the entry of the judgment. This offer was rejected by the court, and the defendant's motion to vacate the judgment was thereupon sustained. That order, on appeal to the Appellate Court, was affirmed, and this appeal is from the judgment of affirmance.

It appears that at the time the judgment was entered no indorsements of any payments had been made on the note, and that no proof was then offered that the note, by partial payments or otherwise, had been taken out of the operation of the Statute of Limitations. At that time the note had been overdue more than ten years, and, so far as was then made to appear by the papers filed with the clerk, it was barred by limitation.

The first question presented is, whether, upon the hearing of the defendant's motion to vacate the judgment, the plaintiff should have been permitted to supply evidence of partial payments on the note within ten years, so as to show that the running of the statute had in fact been arrested, and that the note was not really barred by limitation. It is clear that to this question a negative answer must be given. In cases of this character the authority of the attorney to execute the *cognovit*, and of the clerk to enter up judgment in pursuance thereof, should fully and clearly appear from the papers filed upon the application for judgment. Those papers, together with the judgment, constitute the record, and, like other records, it must be tried by itself, and its validity can not be made to depend upon evidence *aliunde.*

The entry of judgment having been made in vacation, before the clerk,—a mere ministerial officer,—it will be aided by none of those presumptions which prevail where judgments are entered in open court, and hence no presumptions will be indulged in that evidence was presented or heard other than that appearing in the record. If, then, the authority of the attorney to execute the *cognovit* was not shown at the time the judgment was entered, the clerk was without authority to enter up the judgment, and such entry was improvidently made.

In *Stein* v. *Good*, 115 Ill. 93, a judgment by confession entered in vacation was set aside for the reason that no proof was made before the clerk of the execution of the warrant of attorney under which the confession was made. It was urged that the validity of the judgment did not depend upon the proof of the execution of the warrant of attorney, but rather upon the fact of its execution, and that, as that was not questioned, it was error to vacate the judgment. In answer to that contention we said: "In this class of cases, where the whole proceeding is strictly *ex parte,* and the papers filed constitute a part of the record without any bill of exceptions making them so, public interests would seem to demand that some evidence should appear in the record showing, unequivocally, that the judgment was confessed by authority of the defendant in the judgment,—or, in other words, showing that the power of attorney on file was actually executed by him." So in *Gardner* v. *Bunn,* 132 Ill. 403, it was held that a judgment by confession entered in vacation by the clerk is void, where there is no affidavit proving the execution of the power of attorney filed with it, the proposition being there laid down that the confession of judgment in vacation is a statutory proceeding in derogation of the common law, and that a judgment of that character will not be valid unless there is a strict compliance with the law under which it is authorized. With these authorities before it the trial court was

clearly justified in refusing to allow the plaintiff to sup-
plement the case made at the time the judgment was
entered, by producing affidavits containing additional
evidence.

The question remains whether, from the record made
at the time the judgment was entered, it appears that
such entry was improper, so as to justify the court in
setting the judgment aside. It appears from that record
that the note was then more than ten years overdue, and
no evidence was offered or suggestion made of any par-
tial payment or new promise, or of any other fact bring-
ing the case within any of the exceptions contained in
the statute. It thus appears, upon the face of the rec-
ord, that the debt was barred. The statement in the
plaintiff's affidavit filed with the *cognovit*, "that the sum
of $1482.57 is due on said note according to its tenor and
effect," had no tendency to bring the case within any
of the statutory exceptions. That statement tended to
show neither a partial payment within ten years, a new
promise in writing, the non-residence of the defendant,
nor any other fact which would arrest or otherwise affect
the running of the statute. It is merely a statement that
by the terms of the note $1482.57 is due,—a statement
not inconsistent with the theory that the debt is barred
by limitation, especially in view of the rule, which seems
to prevail in this State, that the effect of the statutory
bar is to cut off the remedy without extinguishing the
right.

We are of the opinion that the warrant of attorney
conferred no authority to confess judgment on the note
after the plaintiff's remedy for the debt thereby evi-
denced had become barred by limitation. This precise
question has never, so far as we are aware, been before
this court, but several cases have been decided involving
principles which seem to us to be quite analogous. Thus,
in *Emory* v. *Keighan*, 88 Ill. 482, we held that the sale of
land under a power in a deed of trust, after the debt

secured by the deed had been barred by limitation, was void, and passed no title to the purchaser. See, also, *Emory* v. *Keighan*, 94 Ill. 543.

In *Walrod* v. *Manson*, 23 Wis. 393, the precise question now before us seems to have been decided. There a judgment by confession entered on a note barred by the Statute of Limitations had been vacated on motion of the defendant, and the Supreme Court of Wisconsin, on appeal, held, in effect, that as soon as the note became barred the warrant of attorney was *functus officio*, and no longer conferred authority to confess judgment. In their opinion they say: "It is not reasonable to suppose that the party executing a warrant of attorney with a note intends to confer any authority by it beyond the life of the note. After that time no legal remedy can be had upon it unless the maker waives the benefit of the statute, and the warrant does not purport to give authority to waive that benefit for him. It can be fairly construed only as incident to the legal remedy upon the note during its life, and when that remedy is destroyed the incident perishes also. If, after that, the holder of the note desires to try the experiment whether the maker will waive the benefit of the statute, he should bring suit, so as to give him an opportunity." The same rule was again recognized in *Brown* v. *Parker*, 28 Wis. 21.

The rule that a defendant, to avail himself of the defense of the Statute of Limitations, must plead the statute, which the plaintiff now seeks to invoke, can have no application here, since, as the entry of the judgment by confession was purely *ex parte*, no opportunity was afforded the defendant to set up such defense by plea. It became incumbent upon the plaintiff, therefore, to show affirmatively that his debt, which appeared to be more than ten years overdue, was in some way taken out of the operation of the statute, without such plea on the part of the defendant. As he failed to do so, the inference against him must be deemed to be conclusive that

his debt was barred at the time he obtained his judgment by confession, and, consequently, that the warrant of attorney was no longer operative. The order of the court setting the judgment aside, as having been entered without competent authority, was clearly right, and the judgment of the Appellate Court affirming such order will be affirmed.

*Judgment affirmed.*