Desnoyers Shoe Co. v, First Nat. Bank.

# Desnoyers Shoe Co. v. The First National Bank of Litchfield et al.

1. JUDGMENTS BY CONFESSION—*Void Without Proof of the Execution of the Authority.*—A judgment entered by confession without proof of the execution of the warrant of authority is void, and so are all proceedings under it.

2. SAME—*Proof of the Execution of the Warrant of Authority Before a Notary of Another State.*—Proof of the execution of a warrant of authority to confess a judgment made before a notary of another State is a nullity unless it appears from the certificate of the notary or otherwise that he was authorized by the laws of his State to administer oaths at the time the proof was made.

3. SAME—*Entered Without Proof of the Execution of the Warrant of Authority.*—An entry of a judgment by confession upon a warrant of attorney, without which the attorney is not shown to have been authorized within the meaning of section 66 of the practice act to confess the judgment, is void, and all proceedings under it are invalid, and confer no rights upon the plaintiff in an execution issued upon such judgment.

4. SAME—*Executions upon Void Judgments.*—A judgment by confession without authority in the attorney confessing it, is void, and an execution issued upon such a judgment creates no lien upon the goods of the defendant nor upon the proceeds arising from the sale of the same.

5. SAME—*May be Questioned in a Collateral Proceeding.*—The validity in a judgment by confession, entered without proof of the execution of the warrant of authority authorizing its entry, may be questioned in a collateral proceeding.

6. SAME—*Can Not Rest in Proof Aliunde.*—The validity of a judgment confessed in vacation can not be supported by proof *aliunde.*

7. SAME—*Proof of the Authority in Vacation.*—Proof of the execution of power of attorney to confess a judgment must be made before the clerk is authorized to enter the judgment, and the only mode of proving such fact in vacation, is by affidavit.

8. SAME—*Distinction Between Confession in Vacation and in Term Time.*—A judgment by confession in term time and a judgment by confession in vacation stand upon a different footing. One is entered before an officer having judicial functions concerning whose acts liberal presumptions are always indulged; the other is entered before an officer having no judicial authority, whose authority is limited to the filing of the papers and the writing up of the judgment.

9. SAME—*Strict Construction of the Law.*—A party who takes a judgment by confession must see to it at his peril that the law has been complied with, or take the risk of losing the benefit of his judgment.

10. AFFIDAVITS—*Before Foreign Notaries.*—An affidavit made before a notary of another State is a nullity unless it appears from his certificate or otherwise that he was authorized by the laws of his State to administer oaths at the time.

**Petition for Direction as to the Distribution of Funds, etc.—** Appeal from the Circuit Court of Montgomery County; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the April term, 1900. Opinion filed June 12, 1900.

**Statement.**—On the 16th of September, 1898, appellant obtained judgment against H. G. Tuttle, by confession, in vacation, for $1,563.74, on several judgment notes executed by him to appellant.

At the November term of the Circuit Court following, Tuttle moved the court to vacate the judgment and quash the execution, which had been issued upon it. The motion was based upon the contention that the judgment was void because the affidavit by which the execution of the power of attorney to confess judgment was attempted to be proven was insufficient. The following is a copy of one of the notes:

"ST. LOUIS, Mo., May 17, A. D. 1898.

On August second, after date, for value received, I promise to pay to the order of Desnoyers Shoe Co., at their office, one hundred fifty-seven and 42-100 dollars, with interest at seven per cent per annum after maturity until paid.

And to secure the payment of said amount I hereby authorize, irrevocably, any attorney of any court of record to appear for me in such court, in term time or vacation, at any time hereafter, and confess a judgment without process in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with costs and ten per cent — dollars attorney's fee, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that the said attorney may do by virtue hereof.

$157.42     August 2–5.

H. G. TUTTLE,
Litchfield, Ill."

The affidavit filed with the clerk at the time judgment was confessed is as follows:

" STATE OF MISSOURI, )
City of St. Louis. }

J. B. Desnoyers, being duly sworn, upon his oath says he is president of the plaintiff in the above cause, and that he has had a large correspondence with defendant covering several years, and that the signatures to the notes attached to the declaration herein are the signatures of the defendant, H. G. Tuttle.

J. B. DESNOYERS.

Subscribed and sworn to before me this 16th day of September, 1898.

[NOTARY SEAL.] GEORGE M. BLOCK,
Notary Public in and for City of St. Louis, State of Missouri.

My term will expire June 28, 1901."

At the same term of court, Henry N. Randle, sheriff of Montgomery county, presented to the court a sworn petition showing that after receiving the above mentioned execution, there came to his hands eight other executions against Tuttle, in favor of other creditors; that all the executions were levied upon a stock of boots and shoes belonging to Tuttle, which were sold by him at public sale for $1,726; that claims of preference in the proceeds were being made by several of the execution creditors; and that he was unable to determine what distribution should be made by him. Wherefore he prayed for an order of court directing a distribution of the proceeds among the creditors according to legal priority.

Tuttle's motion and the sheriff's petition were heard together, all the execution creditors having entered their appearance.

Upon the trial, appellant asked leave to file an amended affidavit instead of the one filed with the clerk at the time the judgment by confession was entered, which was by the court denied.

The amended affidavit was as follows:

STATE OF MISSOURI, )
City of St. Louis. } ss.

I, George M. Block, notary public within and for said city and State, do hereby certify that on the 16th day of September, 1898, personally appeared before me, J. B. Des-

noyers, to me personally known, and made oath that he was the president of the Desnoyers Shoe Company, and that he had a large correspondence with H. G. Tuttle, covering several years, and that the signatures to the notes attached to the declaration, to which said affidavit was attached, were the signatures of the said H. G. Tuttle, and I further certify that I was then authorized by the laws of the State of Missouri to administer oaths.

In testimony of all which, I have hereunto set my hand and notarial seal this 14th day of November, 1898. My commission as a notary public expires June 28, 1901.

(Signed) GEORGE M. BLOOK,
[SEAL]    Notary Public.

The court sustained the motion, vacated the judgment in favor of appellant, quashed the execution, and directed a distribution of the proceeds of sale among creditors according to priority of these executions.

H. M. POLLARD, attorney for appellant.

A motion to set aside a judgment by confession appeals to the equitable jurisdiction which courts of law exercise over judgments by confession.

And such confessions will not be set aside unless there is a defense on the merits.

"No such equitable reasons are shown in the present case. It is not claimed that the note was not given for a good and valuable consideration, or that the debt for which the judgment was entered was not a just and honest debt, or that there was any defense on the merits." Packer v. Roberts, 140 Ill. 9.

A judgment will not be vacated to let in a defense, when the affidavits filed in support of the motion fail to show that the defense can be successfully maintained. Holmes v. Parker, 125 Ill. 478.

Courts of law exercise equitable jurisdiction in matters of this character, and will not disturb the judgment unless the defendant has shown an equitable defense. Campbell v. Goddard, 17 Ill. App. 382; Rising v. Brainard, 36 Ill. 80; Thomas v. Mueller, 106 Ill. 36; Hanson v. Schlesinger, 125 Ill. 230.

Defendant can not enjoin judgment unless he shows a meritorious defense. Colson v. Leitch, 110 Ill. 506.

Without a defendant shows merits he can not set aside judgment, though court had no jurisdiction. Kaufman v. Schneider, 35 Ill. App. 256.

Courts of law exercise equitable jurisdiction in matters of this kind and will not set aside judgment unless it clearly appears that plaintiff is not entitled to it. Condon v. Besse, 86 Ill. 159; Norton v. Allen, 69 Ill. 306; Wyman v. Yeomans, 84 Ill. 407; Pitts v. Magie, 24 Ill. 610.

ZINK & KINDER and AMOS MILLER, attorneys for appellees.

Where the validity of a judgment is denied by other judgment creditors, it is the proper practice for the sheriff to bring the money derived from the sale into the court below, together with his petition asking for an order of distribution. Oppenheimer & Co. v. Girshofer & Co., 54 Ill. App. 39; Chittenden v. Rogers, 42 Ill. 96.

There are no presumptions made in favor of a judgment entered by confession before the clerk in vacation. It must stand or fall by the record as made at the time it was entered by the clerk. Tucker v. Gill, 61 Ill. 241; Iglehart v. Insurance Co., 35 Ill. 516; Martin v. Judd, 60 Ill. 83; Campbell v. Goddard, 117 Ill. 252.

The authority to confess a judgment without process must be clear and explicit, and must be strictly pursued. Frye et al. v. Jones, 78 Ill. 632. The doctrine is well settled and has often been recognized by this court, that the power to confess a judgment must be clearly given and strictly pursued, or the judgment will not be sustained. Keith et al. v. Kellogg et al., 97 Ill. 147.

Before the clerk in vacation can enter a valid judgment, there must be filed with him a declaration, a power of attorney authorizing the confession and proof of its execution, and a plea of confession. Tucker v. Gill, 61 Ill. 236.

The clerk has no power to enter a judgment by confession in vacation, without proof being filed of the execution of

the power of attorney. Gardner v. Bunn et al., 132 Ill. 403; Roundy v. Hunt, 24 Ill. 598; Chase v. Dana, 44 Ill. 262; Durham v. Brown, 24 Ill. 94.

The only mode of proving the execution of the power of attorney before the clerk in vacation is by affidavit. Hall v. Jones, 32 Ill. 43; Ball v. Miller, 38 Ill. 110; Gardner v. Bunn et al., 132 Ill. 403.

Judgments entered by the clerk in vaction without proof of the execution of the power of attorney are void. Gardner v. Bunn et al., 132 Ill. 403; Matzenbaugh v. Doyle, 56 Ill. App. 343.

J. B. Desnoyers does not state that he has seen the defendant write, or that the defendant acknowledged the signatures to the correspondence mentioned to be genuine.

Where it is sought to prove the genuineness of a signature, the witness must show his acquaintance with the handwriting by having seen the party write, or that the party acknowledged his signature to be genuine, or signed it in presence of the witness. Neither of these conditions appear from the affidavit of J. B. Desnoyers. Long v. Little, 119 Ill. 601; Bunn v. Gardner, 18 Ill. App. 94; 1 Greenleaf on Evidence, Sec. 576–577.

The authority to administer oaths by notaries public is one derived from the statute law, and did not belong to the office originally; therefore courts do not take judicial notice of the fact that notaries are authorized to take affidavits outside the jurisdiction of those courts. If an affidavit is taken out of the jurisdiction of the court, it can not be recognized unless the authority and official character of the officer are authenticated. 16 Am. & Eng. Ency. of Law, 768.

The seal authenticates only the official character of the officer; by legislative provision his certificate under that seal that he has authority by the laws of his own State to administer oaths *prima facie* authenticates his authority to do so in the courts of this State. Chap. 101, Sec. 6, Revised Statutes.

The supposed affidavit of J. B. Desnoyers, taken in the

State of Missouri before notary Block, was void, for the reason the notary gave no certificate of his authority to administer oaths under the laws of the State of Missouri, and there was no other evidence of such fact presented and filed therewith.  Smith v. Lyons, 80 Ill. 600;  Keefer v. Mason, 36 Ill. 406;  Ferris v. Commercial Nat'l Bank, 55 Ill. App. 218;  s. c., 158 Ill. 237.

Thomas M. Jett, attorney for Edwin R. Elliott, Kate E. Boulton, Maria Goodall, A. E. Nettleton and Frank N. Tuttle, appellees.

Mr. Justice Harker delivered the opinion of the court. This is an appeal from an order of the Circuit Court, setting aside a judgment by confession in vacation and quashing an execution from it.  As stated by counsel for appellant, the sole questions involved in the controversy are :

First, was the declaration, with the affidavit and jurat attached, sufficient authority to authorize the entering of a judgment in vacation ?

Second, ought the court to have received the amended affidavit offered by the Desnoyers Shoe Company ?

Proof of the execution of the power of attorney to confess judgment must be made before the clerk of a court is authorized to enter judgment by confession.  Gardner v. Bunn et al., 132 Ill. 403.  The only mode of proving the execution of such power of attorney before the clerk in vacation is by affidavit.  Hall v. Jones, 32 Ill. 38;  Ball v. Miller, 38 Ill. 110.

The affidavit filed by appellant with the declaration, note and plea of confession, was defective in that it was made before a notary public of Missouri, who did not certify that he was authorized by the laws of Missouri to administer oaths.  An affidavit made before a notary of another State is a nullity, unless it appears from his certificate, or otherwise, that he was authorized by the laws of that State to administer oaths.  Keefer v. Mason, 36 Ill. 406;  Smith v. Lyons, 80 Ill. 600;  Ferris v. Commercial National Bank, 158 Ill. 237;  Trevor et al. v. Colgate et al., 181 Ill. 129.

The affidavit in this case being a nullity, there was no authority in the clerk to enter the judgment, and it follows as a logical sequence that it and the execution issued from it were void.

Counsel for appellant calls to his aid a familiar rule of law, repeatedly announced by our Supreme Court, that a judgment will not be set aside, or its collection enjoined, unless the defendant shows some defense on the merits. If the doctrine announced in Gardner v. Bunn et al., *supra*, that a judgment by confession in vacation, unaccompanied by an affidavit proving the execution of the power of attorney, is void, is correct, then the rule requiring the defendant to show a defense on the merits should not apply. Especially should that be the case here, where the creditors of Tuttle are more deeply concerned than he is, and where the contest is really a race between creditors.

We regard the application for leave to file an amended affidavit and jurat as the important and difficult question for decision. Had the confession of judgment been entered in term time, then, undoubtedly, under our statute of "Amendments and Jeofails," appellant would have the right to amend the affidavit. But a judgment by confession in term time and a judgment by confession in vacation stand upon a different footing. One is entered before an officer having judicial functions, concerning whose acts liberal presumptions are always indulged. The other is entered before an officer having no judicial authority, a mere clerk, whose authority is limited to the filing of the papers and the writing up of the judgment record.

A decided disposition to hold the parties to a strict compliance with every provision of the law authorizing confessions of judgment in vacation is manifested by the following well considered cases: Stein v. Good, 115 Ill. 93; Gardner v. Bunn et al., 132 Ill. 403; Matzenbaugh v. Doyle, 156 Ill. 331.

In Stein v. Good, the following language appears in the opinion:

"These judgments are most generally confessed when

the defendant is in failing circumstances, and when the business community have an interest in his affairs.   *   *   * Uniformity and regularity in these proceedings are therefore of the utmost importance to the community, and we are aware of no better method of securing these desirable objects than by saying to those who take such judgments, that they must, at their peril, see that that law has been complied with, or take the risk of losing the benefit of their judgments."

And in Matzenbaugh v. Doyle the following:

"In cases of this character the authority of the attorney to execute the cognovit, and of the clerk to enter up judgment in pursuance thereof, should fully and clearly appear from the papers filed upon the application for judgment. Those papers, together with the judgment, constitute the record, and like other records, it must be tried by itself, and its validity can not be made to depend upon evidence *aliunde*. The entry of judgment, having been made in vacation, before the clerk, a mere ministerial officer, it will be aided by none of those presumptions which prevail where judgments are entered in open court, and hence no presumption will be indulged in that evidence was presented or heard, other than that appearing of record. If, then, the authority of the attorney to execute the cognovit was not shown at the time the judgment was entered, the clerk was without authority to enter up the judgment, and such entry was improvidently made."

We are of opinion that the trial court properly refused to allow appellant to file an amended affidavit when its effect would have been to cut out from sharing in the proceeds of the sheriff's sale, judgment creditors who had taken the precaution to have valid and regular judgments entered.

As to the cross-errors assigned by certain of the execution creditors named in the sheriff's petition and effected by the court's order of distribution, it is only necessary to say that they have filed no abstract showing what portion of the record constitutes the error complained of.   The only abstract filed in the case is the one filed by appellant, the Desnoyers Shoe Company.   The alleged error complained of nowhere appears in that abstract.   Everything

on which error is assigned must appear in the abstract. Gibler v. The City of Mattoon, 167 Ill. 18.

The order of the Circuit Court will be affirmed.

Additional opinion by MR. JUSTICE BURROUGHS.

The petition of the sheriff of Montgomery county presented to the court is as follows:

"To the honorable, the presiding judge of the Circuit Court of the County of Montgomery, and State of Illinois, at the November term, A. D. 1898, thereof:

Your petitioner, Henry A. Randle, sheriff of the county of Montgomery, and State of Illinois, respectfully represents and shows unto your honor, that heretofore there have come into his hands, as such sheriff, certain executions more fully hereinafter described, whereby your petitioner is commanded of the goods and chattels of lands and tenements of Henry G. Tuttle, certain sums of money to make, to wit, one execution issued out of the office of the clerk of the Circuit Court of said Montgomery county, in favor of Desnoyers Shoe Company, for the sum of $1,563.74 and costs of suit, which was received by your petitioner on the 16th day of September, A. D. 1898, at 2 o'clock and thirty minutes P. M. of that day, two executions issued out of the office of said clerk of said Circuit Court in favor of First National Bank of Litchfield, aggregating the sum of $551.74 and costs of suit, which said executions were received by your petitioner at thirty minutes past 7 o'clock, A. M., on the 26th day of September, A. D. 1898; one execution issued out of the office of the clerk of said Circuit Court on a transcript from Thos. E. Richards, Esq., J. P., in favor of Monark Rubber Company, for the sum of $200, besides cost of suit, which said execution was received by your petitioner at ten minutes past 3 o'clock, P. M., on the first day of October, A. D. 1898; one execution issued out of the office of the clerk of said Circuit Court on a transcript from Thomas E. Richards, Esq., J. P., for the sum of $149.95, besides costs of suit, which execution was received by your petitioner at ten minutes past 3 o'clock, P. M., on the first day of October, A. D. 1898, being in favor of Gesiecke Boot and Shoe Manufacturing Company; one execution issued out of the office of the clerk of the City Court of the city of Litchfield, in said Montgomery county, in favor of David R. Kinder, for the sum of $250, besides costs of suit, which execution was received by your petitioner at six minutes past 7 o'clock, P.

M., on the 10th day of October, A. D. 1898; one execution in favor of A. E. Nettleton, issued out of the office of the clerk of said City Court of the city of Litchfield for the sum of $242.85, which was received by your petitioner at fifty-five minutes past 10 o'clock, A. M., on the 11th day of October, A. D. 1898; one execution issued out of the office of said clerk of said City Court of the city of Litchfield in favor of Edwin R. Elliott et al., for the sum of $722.35 and costs of suit, which was received by your petitioner on the 11th day of October, 1898, at fifty-five minutes past 10 o'clock A. M.; one execution issued out of the office of the clerk of said City Court of the city of Litchfield in favor of Frank N. Tuttle, for the sum of $302, besides costs of suit, which was received by your petitioner on the 11th day of October, A. D. 1898, at fifty-five minutes past 11 o'clock A. M.

Your petitioner further represents that when he received said first mentioned execution, he, on the same day, levied the same upon an entire stock of boots and shoes located at No. 121 North State street, in the city of Litchfield, Illinois, together with all show cases and fixtures in the building in which stock of boots and shoes were located; that on the 4th day of October, A. D. 1898, he levied the remaining four executions issued out of the office of said clerk of said Circuit Court on the same property; that on the 10th day of October, A. D. 1898, he levied said execution in favor of David R. Kinder on the same property; that on the 11th day of October, A. D. 1898, he levied all the remaining executions on the same property; that after duly advertising said property for sale under all of said executions, on the 22d day of October, A. D. 1898, your petitioner, according to law, sold all of said property levied upon to William Wilton for the sum of $1,726, which said amount was on that day paid to your petitioner by the said William Wilton.

Your petitioner further represents that he has been notified by the judgment creditors whose executions are junior to that of the execution in favor of the Desnoyers Shoe Company, that they claim that said last mentioned execution and the judgment on which it was issued are both void, and they have notified your petitioner not to pay over to the said Desnoyers Shoe Company any part of the proceeds of said sale; that your petitioner has been notified by the Monark Rubber Company and Gesiecke Boot & Shoe Manufacturing Company that they claim priority over said executions in favor of First National Bank of Litchfield and they have notified your petitioner not to pay over any of the proceeds of said sale to said First National Bank of

Litchfield until the executions in favor of said Monark Rubber Company and Gesiecke Boot & Shoe Manufacturing Company have been satisfied in full.

Your petitioner further represents that he is not satisfied which execution creditors are entitled to priority in the distribution of the proceeds of sale of said property, and that he does not know to which ones he should distribute said proceeds, as he is not able to determine the conflicting claims of said creditors, and therefore now brings said money into court and prays that your honor may determine the conflicting claims of said creditors to said proceeds and may order the distribution of the same among said several creditors according to their legal priorities and may order and determine the amount thereof that shall be retained by your petitioner as costs and the amount that shall be paid over by your petitioner as costs to the clerks of the said Circuit and City Court.

And as in duty bound will ever pray, etc.

HENRY N. RANDLE,

Sheriff of the County of Montgomery in the State of Illinois.

STATE OF ILLINOIS, ⎱ ss.
Montgomery County. ⎰

Henry N. Randle, being first duly sworn, on his oath says that he is the sheriff of Montgomery county and State of Illinois; that he has read the above and foregoing petition, and that the matters and facts therein stated are true.

HENRY N. RANDLE.

Sworn to and subscribed before me this 25th day of October, A. D. 1898.

WM. H. LEAHAN,
Circuit Clerk."

All the execution creditors named in the petition entered their appearance to the petition, and to a motion presented to the court by H. G. Tuttle, to vacate the judgment of the Desnoyers Shoe Company against him for $1,563.74, entered September 16, 1898, in vacation, by the clerk of the Circuit Court of Montgomery County, and to quash the execution issued thereon (being the execution for that amount named in the petition), upon the ground that the judgment and execution were void for want of authority in the clerk to enter the judgment.

The court ordered the petition and motion consolidated,

heard them together, and entered an order finding the Desnoyers Shoe Company's judgment and execution were void, ordered its judgment vacated, its execution quashed, and directed the sheriff to pay the proceeds, as far as it would reach, to the other creditors, in order of time he received their executions respectively.

From this order the Desnoyers Shoe Company alone prosecutes this appeal, and urges as grounds for reversing the same that the court improperly found its judgment and execution were void; improperly vacated its judgment, quashed its execution, and improperly ordered the proceeds paid to the other execution creditors.

The record shows that upon the hearing, the Desnoyers Shoe Company offered in evidence all the papers filed with the clerk upon which its judgment was rendered; its judgment and execution, from which it appears that the judgment, execution, declaration, and cognovit were each regular on their face, the cognovit being signed by an attorney for H. G. Tuttle under the authority contained in the several original notes which were attached to the declaration. The sums promised to be paid by the notes, less the credits indorsed thereon, amounted to $1,563.74. One of the notes is as follows:

"No. —        St. Louis, Mo., May 17, A. D. 1898.

On August second, after date, for value received, I promise to pay to the order of Desnoyers Shoe Co., at their office, one hundred fifty-seven and 42-100 dollars, with interest at seven per cent per annum after maturity until paid.

And to secure the payment of said amount I hereby authorize, irrevocably, any attorney of any court of record to appear for me in such court, in term time or vacation, at any time hereafter, and confess a judgment without process in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with costs and ten per cent, — dollars attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that the said attorney may do by virtue hereof.

$157.42.    August 2–5

H. G. Tuttle.
Litchfield, Ill."

The others being similar except as to time of payment, and amount promised to be paid. Attached to the declaration was the following:

" STATE OF MISSOURI, }
   City of St. Louis. }
J. B. Desnoyers, being duly sworn, upon his oath says, he is president of the plaintiff in the above cause, and that he had a large correspondence with defendant, covering several years, and that the signatures to notes attached to the declaration herein are the signatures of the defendant, H. G. Tuttle.

J. B. DESNOYERS.

Subscribed and sworn to before me this 16th day of · September, 1898.
   (Notarial Seal.)        GEORGE M. BLOCK,
Notary Public in and for City of St. Louis, State of Missouri.
My term will expire June 28, 1901."

There was nothing else in the files tending to show that H. G. Tuttle executed the warrant of attorney.

Upon the hearing, the Desnoyers Shoe Company requested leave of court to file with the clerk an amended affidavit as follows:

" STATE OF MISSOURI, }  SS.
   City of St. Louis. }
I, George M. Block, notary public within and for said city and State, do hereby certify that on the 16th day of September, 1898, personally appeared before me J. B. Desnoyers, to me personally known, and made oath that he was the president of the Desnoyers Shoe Company, and that he had a large correspondence with H. G. Tuttle, covering several years, and that the signatures to the notes attached, to the declaration, to which said affidavit was attached, were the signatures of the said H. G. Tuttle; and I further certify that I was then authorized by the laws of the State of Missouri to administer oaths.

In testimony of all which I have hereunto set my hand and notarial seal this 14th day of November, 1898. My commission as a notary public expires June 28, 1901.
(Signed) GEORGE M. BLOCK,
[SEAL]                          Notary Public."

And also offered a copy of the revised statutes of Missouri showing that notaries public in that State were authorized to administer oaths. But the court on objection of

the other execution creditors, refused the request, and refused to receive the statutes in evidence. The other executions named in the petitions were all regular on their face, and no proof was offered attacking any of them except the one in favor of the Monark Rubber Company, and the one in favor of Gesiecke Boot and Shoe Manufacturing Company, and it did not show either of them to be invalid. I am of opinion that the jurat to the statement of J. B. Desnoyers attached to the declaration filed with the clerk, was not sufficient to show the same was sworn to by him, for the reason that the notary public signing the jurat did not certify that he was authorized by the laws of Missouri to administer oaths, nor was that fact shown in any manner by the papers filed with the clerk.

That a jurat signed by a notary public of another State, in the manner this one was, does not prove in this State that the statement to which it is attached was sworn to, is fully established by the case of Trevor v. Colgate, 181 Ill. 129.

When the clerk entered the so-called judgment of the Desnoyers Shoe Company, he had no evidence on file that H. G. Tuttle executed the warrant of attorney authorizing him to confess the judgment; without which the attorney was not shown to have been duly authorized, within the meaning of section 66 of our practice act, to confess the judgment; and having entered it without authority, it was void. Gardner v. Bunn et al., 132 Ill. 403, and cases therein reviewed; Stein v. Good, 115 Ill. 93; and Matzenbaugh v. Doyle, 156, Ill. 331, and cases therein reviewed.

The judgment being void, all proceedings under it were invalid and conferred no rights upon the Desnoyers Shoe Company, consequently their execution created no lien upon the goods of Tuttle, nor upon the proceeds arising from the sale thereof. White v. Jones, 38 Ill. 160; Gardner v. Bunn et al., 132 Ill. 403; Coal & Mining Co. v. Coal & Mining Co., 111 Ill. 32.

That the validity of a judgment may be questioned in a collateral proceeding, has often been decided by the Supreme Court of this State. Goudy v. Hall, 30 Ill. 109;

Miller v. Handy, 40 Ill. 448; Campbell v. McCahan, 41 Ill. 45; Haywood v. Collins et al., 70 Ill. 328; Gardner v. Bunn, 132 Ill. 403.

I think that the court properly denied the Desnoyers Shoe Company leave to file the amended affidavit of J. B. Desnoyers, and properly refused to admit in evidence the statutes of Missouri, because the papers filed with the clerk and the judgment he entered constitute the record of the judgment confessed in vacation, and like any other record its validity can not rest upon proof *aliunde.*   Matzenbaugh v. Doyle, 156 Ill. 331.

When the sheriff brought into court the proceeds of the goods of H. G. Tuttle, sold under the authority of the executions named in the petition, and by his petition, gave the court to understand that the owners of those executions were each demanding payment thereof from the proceeds (it being insufficient to pay all), and that some of the owners had notified him that certain of those executions were void and could not be paid therefrom, and requested the court to determine to which of them he should pay the proceeds, and all of the execution creditors having voluntarily entered their appearance to the petition, and submitted their rights to the proceeds to the court for adjudication, the court should rightfully inquire into the validity of the claim or lien each of such creditors had upon the proceeds, and when it appeared from the evidence that the Desnoyers Shoe Company had no lien thereon, for the reasons that its execution was void, the court properly found the Desnoyers Shoe Company had no lien upon the proceeds, and properly directed it to be distributed to the other execution creditors whom the evidence showed had prior and valid liens thereon.   That being in effect what the court did, by its order, I am of opinion it committed no reversible error in that regard.

Some of the execution creditors named in the sheriff's petition, other than the Desnoyers Shoe Company, have assigned cross-errors on the record, calling in question the correctness of the order of the court in directing the sheriff

to pay certain of the other execution creditors from the proceeds prior to them. Such complaining creditors have not filed in this court an abstract of the record, showing what action of the court, or what evidence in the record they rely upon as constituting the errors they assign, but we have, nevertheless, examined the record and are unable to find that the court committed any such errors as they, in their cross-errors, have alleged.

Believing that the Circuit Court, in effect, made a proper order under the petition, motion and evidence in this case, I concur with Justice Harker in affirming it.

MR. PRESIDING JUSTICE WRIGHT, dissenting:

For reasons stated in Cassem v. Brown, 74 Ill. App. 346, I dissent from the opinion and conclusion of the majority of the court in this case.