## Arthur Johnson, Appellee, v. National Bank of Mattoon, Illinois, Appellant.

### Gen. No. 7,805.

CONFESSION OF JUDGMENT—*validity of judgment entered on warrant of attorney after insanity of debtor.* A warrant of attorney and power to confess judgment on a promissory note was legally revoked by the insanity of the debtor before the exercise of the power, and a judgment entered by confession thereon after he became insane was without jurisdiction and void.

Appeal by defendant from the Circuit Court of Coles county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed April 11, 1925. Rehearing denied June 17, 1925.

BRYAN H. TIVNEN, for appellant; THOMAS R. FIGENBAUM and CARUS S. ICENOGLE, of counsel.

EMERY ANDREWS, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case Arthur Johnson, the appellee, filed a bill in equity in the circuit court of Coles county against the appellant, the National Bank of Mattoon, Illinois, to quiet his title to certain premises described therein, and clear the same of an apparent lien of an alleged void judgment held by the appellant, and under which an execution had been issued and a levy made by the sheriff of Coles county. The bill alleges that the appellee is the owner of and in possession of the premises referred to, and that he purchased the same from one Albert Daily and that Daily conveyed the premises to him by warranty deed, which deed was duly recorded. The bill further alleges that Daily's title to the land in question was acquired by virtue of a conservator's sale duly made in accordance with the judgment and order of the county court of Macon county, and in due course of the

234    APPELLATE COURTS OF ILLINOIS.

Johnson v. National Bank of Mattoon, Ill., 237 Ill. App. 233.

administration of the estate of George F. Hoots, an incompetent, and that the conservator's deed to Daily had been made in accordance therewith. The bill also alleges that at the time he purchased the land from Daily there was a judgment of record in the circuit court of Coles county in favor of the appellant for the sum of $1,101.94 and costs, which judgment had been taken by confession under an alleged power of attorney, previously executed by George F. Hoots and his wife, Mabel Hoots; that the judgment by confession had been entered on the 10th day of August, 1920, and that on the same day, under execution issued upon the judgment, the sheriff of Coles county made a levy in the recorder's office of Coles county upon the premises in question. It is also alleged in the bill that prior to the entry of the judgment by confession under the warrant of attorney, namely, on the 30th day of July, 1920, George F. Hoots was adjudged insane by the county court of Macon county and that R. G. Real was duly appointed as conservator for Hoots, and that he qualified as such, and as such conservator took possession of and thereafter was in charge of all the property and estate of George F. Hoots. A hearing on the bill resulted in a decree finding the facts as alleged in the bill and ordering and declaring appellant's judgment to be null and void, and the levy made in pursuance of the judgment to be without legal effect, and clearing the title of the apparent lien of the judgment and canceling the levy, as prayed for in the bill. From this decree an appeal is prosecuted.

There is no controversy about the facts, namely, that on May 1, 1920, George F. Hoots and Mrs. Mabel Hoots made and delivered to the appellant a promissory note for the sum of $1,000, drawing interest at the rate of 7 per cent per annum, payable ninety days after date, and a written joint and several warrant of attorney, authorizing any attorney of any court of record to enter the appearance of the makers

Johnson v. National Bank of Mattoon, Ill., 237 Ill. App. 233.

of the note in term time or vacation, or the appearance of either of them in such court, and waive all process and confess a judgment in favor of the holder of the note; that after the execution and delivery of the note and warrant of attorney referred to, namely, on the 30th day of July, 1920, George F. Hoots was adjudged insane by the county court of Macon county and R. G. Real appointed conservator for Hoots, and duly qualified, and has since acted as such conservator. It also appears that after the appointment of the conservator the appellant filed the note in question, upon which judgment had been taken under the warrant of attorney as a claim against Hoots' estate, and it was allowed as such in the sum of $1,175, and that thereafter proper proceedings were instituted by the conservator for the sale of the premises in question, and that the premises were sold under the order of the court by virtue of such proceedings, at public sale, to Albert Daily, the grantor of appellee, as alleged in the bill. The proceeds of the sale became a part of the assets of the Hoots' estate, and were used in liquidation of the claims for indebtedness of George F. Hoots, which had been filed against the estate, including that of the appellant, and from these assets a part payment had been made to the appellant by conservator's check for $47.11.

The controlling question in the case presented for our decision is, the validity of the judgment which was entered by confession in favor of the appellant and against George F. Hoots after he had been adjudged insane. If the judgment is void, it is of no legal force and effect for any purpose, and the appellee was within his legal rights, as owner of and in possession of the premises involved, in filing the bill to have the judgment judicially canceled and the levy annulled, for the purpose of quieting the title to the premises in question. A judgment is void for all purposes, if the court rendering the judgment did not have jurisdiction of the person of the defendant or of the sub-

ject matter of the suit. *White v. Jones*, 38 Ill. 159; *Gardner v. Bunn*, 132 Ill. 403; *Forsyth v. Barnes*, 228 Ill. 326. The judgment in this case is based upon the assumption that the court had jurisdiction of the person of George F. Hoots, under warranty of attorney authorizing the entry of appearance of the debtor by an attorney for the purpose of entering the judgment. It is well settled that the warrant of attorney, and the power given thereby, was legally revoked and terminated by the insanity of Hoots, which occurred before the exercise of the power conferred. *Joost v. Racher*, 148 Ill. App. 548; 1 Amer. & Eng. Encyc. of Law (2nd Ed.) 1226; 2 Corpus Juris, p. 552, sec. 190. The want of authority to enter the appearance of a defendant to confess a judgment defeated the jurisdiction of the court; the judgment is therefore void. *White v. Jones, supra; Campbell v. McCahan*, 41 Ill. 45; *Gardner v. Bunn, supra; Forsyth v. Barnes, supra.* And it is therefore evident that the decree vacating and annulling the judgment and clearing the title from the effect of the judgment and levy was proper. The decree is affirmed.

*Affirmed.*