JOSHUA EVANS, appellant, v. WILLIAM FISHER *et al.*, appellees.

*Appeal from Marshall.*

A bill of exceptions should be reduced to form, and signed during the term in which the cause is tried, except in cases where counsel consent, or the Judge by an entry on the record directs, that it may be prepared in vacation, and signed *nunc pro tunc.* In all cases, it should appear on its face to have been taken and signed at the trial.

Where counsel consent that the bill of exceptions may be settled out of term, the better practice is to preserve the evidence of the agreement by the filing of a written stipulation, or by an entry on the records of the Court.

THE counsel for the appellees in this case entered a motion, founded upon affidavits filed by him, to strike the bill of exceptions from the files of the Court.

Those affidavits set forth that no bill of exceptions was filed in the Court below during the term at which the trial took place; that there was a verbal agreement between counsel that the bill of exceptions should be submitted to the counsel of the appellees at the next term of the Putnam Circuit Court, to be held during the ensuing week, and after being so submitted, it was to be signed by the Judge; that, in consequence of the illness of the Judge, the anticipated term of Court was not held, and no bill of exceptions was

then submitted to counsel; that the counsel of appellees heard nothing further in relation to the bill, until informed by the Circuit Clerk some weeks after that the bill had been filed in his office; and that the bill did not set forth all the evidence heard on the trial, but that material testimony (stating it,) was omitted.

It appeared by an affidavit filed by counsel for appellant, that, according to the understanding of the affiant, the bill of exceptions was prepared, presented to and signed by the Judge within the time stipulated; that the affiant did not understand that it was to be submitted to counsel, though it was expected that counsel would meet at the said term of the Putnam Circuit Court, which the Judge was prevented from attending on account of illness; that the bill was prepared from written notes of the testimony in the cause, and was, as affiant believed, true and correct.

*O. Peters*, in support of the motion, contended that by the twenty first section of the Practice Act, (Rev. Stat. 416,) a bill of exceptions must be taken during the trial, and the judge had no authority to allow one out of term. Our statute is substantially like the statute of Westminster, 2 13 Edw. 1, ch. 32; 1 Bac. Abr. Tit. *Bills of Exceptions.* He also referred to *Agnew* v. *Campbell*, 2 Harr. (N. J.) R. 183; *Wilson* v. *Moore*, 4 do. 186; *Shepherd* v. *White*, 3 Cowen, 32.

This Court has disapproved of the practice of signing bills of exceptions out of term. *Buckmaster* v. *Beames*, 4 Gilm. 443.

The question as to the construction of our statute was not distinctly presented to the Court in that case, yet this is a strong reprobation of the practice that has prevailed, of taking bills of exceptions out of term.

The language of our Practice Act is too plain to admit of doubt, that the exception to the decision of the Court is to be taken "during the progress of the trial." It cannot have any reference to any time after the term.

Though this be the true construction of the Act, we do

not contend but the parties may waive it, and, by agreement, have the bill of exceptions completed, signed and sealed by the Judge out of term. But when an agreement of this kind is made, the agreement must be adhered to by the parties, and the bill of exceptions must be made and completed according to the agreement. In this case, the agreement was not complied with. The counsel for the plaintiffs below were to have an opportunity to see it and correct any errors, and have the Judge settle any difference that might exist between the counsel of the parties.

[Caton, J. here observed : It is proper that I should state that I was sick at the time this bill was signed; that my term of office was about to expire, and it was deemed necessary to have it completed before I went out of office; and when it was done, the counsel for the defendant below stated that the bill should be open for correction if there was any error in it, and that he would notify the counsel on the other side.]

We contend this does not help the matter. No such motion was given, and the counsel were not aware of any such arrangement; so that neither the agreement of the parties, nor the stipulation of the counsel on the other side has been complied with. It is hoped that this Court will now adopt some rule that shall effectually correct the loose and improper practice that has hitherto prevailed on this subject. If parties will agree to have bills of exceptions taken out of term, they ought to be required to make their stipulations in Court, so that they may be entered of record, or reduce them to writing and sign them, and let them be placed on the files of the Court. This rule will save much misunderstanding, and often prevent injustice.

*T. L. Dickey,* for the appellant, resisted the motion.

It has been the practice in the Circuit Court for years to settle bills of exceptions in vacation—a matter of discretion with the Court, as is said in the case cited from 4 Gilm.

The case cited from 4 Harr. goes to sustain the bill of exceptions in the present case.

*B. C. Cook,* upon the same side, said that in the cases referred to, the practice was different from ours; that the question could not be raised here, whether the bill is properly a part of the record, it appearing to have been signed and sealed by the Judge, and filed. The statute expressly makes it a part of the record when so signed, sealed and filed with the clerk.

The Opinion of the Court was delivered by

TREAT, C. J. A bill of exceptions should be reduced to form and signed during the term in which the cause is tried, except in cases where counsel consent, or the Judge, by an entry on the record, directs, that it may be prepared in vacation and signed *nunc pro tunc.* And in all cases it should appear on its face to have been taken and signed at the trial. *Walton* v. *U. States,* 9 Wheat. 651; *ex parte* Bradstreet, 4 Peters, 107; *Law* v. *Merrills,* 6 Wend. 268. Where counsel consent that the bill of exceptions may be settled out of term, the better practice is to preserve the evidence of the agreement by the filing of a written stipulation, or by an entry on the records of the Court. The present case illustrates the propriety of such a practice. While the counsel all admit that the bill of exceptions was ·to be prepared in vacation, they differ as to some of the terms of the agreement. If the agreement had been reduced to writing, or spread on the records of the Court, there would now be no difficulty in determining whether the bill of exceptions was properly made a part of the record of the case. As it is, we cannot ascertain with any degree of certainty what were the real terms of the agreement. The counsel probably misunderstood each other as to the mode of settling the bill of exceptions, and the sickness of the Judge prevented it from being perfected within the time prescribed. Under these circumstances, we are not disposed to say that the agreement was substantially violated, and therefore refuse to exclude the bill of exceptions from the record.

*Motion denied.*