## FREDERICK J. SMITH

*v.*

## JASPER W. LYONS.

PRACTICE—*affidavit of claim—authority of officer taking must appear.* It must appear that the officer administering the oath to an affidavit of claim filed with a declaration was authorized to do so, or the affidavit will be a nullity; and no affidavit of merits will be required with the plea.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. A. GARRISON, for the appellant.

Messrs. SCATES & WHITNEY, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

With his declaration plaintiff filed what is designated as an affidavit of claim. It purports to have been sworn to before a notary public in the State of Kentucky, but his certificate does not state that by the laws of that State he has authority to administer oaths. This was necessary, under our statute, to make his certificate *prima facie* evidence of that fact. R. S. 1874, p. 726, sec. 6. Nor does the record contain any other evidence that a notary public has authority to administer oaths under the laws of Kentucky. What is called an affidavit of claim is, therefore, a nullity, it not appearing it was sworn to before an officer having authority to administer oaths and affirmations under any law of any State.

There being no affidavit of claim on file, it follows it was error to strike defendant's plea from the files for want of an affidavit of merits, for which the judgment must be reversed and the cause remanded.

*Judgment reversed.*