LUTHER L. FERRIS *et al.*

*v.*

THE COMMERCIAL NATIONAL BANK OF CHICAGO.

*Filed at Ottawa October 11, 1895.*

1. BILLS OF EXCEPTION—*when bill of exceptions may be signed nunc pro tunc.* Failure of the trial judge to sign a bill of exceptions presented within the time limited by order of the court, until after the expiration of such time, and his then signing and sealing it *nunc pro tunc* as of the date of its presentation, will not be permitted to work to the detriment of the plaintiff in error.

2. JUDGMENTS—*judgment on a verdict works denial of motion to set it aside.* The rendition of judgment without formally passing upon a motion to set aside the verdict is a mere informality, as the entry of judgment is, in effect, an overruling of the motion.

3. EVIDENCE—*judicial notice taken that a firm are attorneys.* The court will take judicial notice that the members of a firm appearing in behalf of a party to a suit are regularly licensed attorneys at law practicing at the bar of the State.

158 237
160 292

158 237
65a 670

158 237
165 474

158 237
71a 300

158 237
181 131

158 237
89a 585

158 237
188 318

158 237
f189 421

158 237
104a 305

158 237
111a 255

4. SAME—*authority of attorneys will be presumed.* It will be presumed that the appearance entered by regular practicing attorneys was regular, and with authority from the client.*

5. AFFIDAVITS—*taken in foreign country—authority of notary.* Affidavits taken in Canada cannot be considered, where the notaries before whom they were sworn to give no certificate of their authority to administer oaths in Canada.

6. SAME—*force of, as proof, in given case.* Statements in an affidavit as to want of authority in attorneys to enter an appearance cannot be considered on a motion to set aside a verdict, where they relate to matters of which the affiant could have had no personal knowledge.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

JAMES A. FULLENWIDER, for plaintiffs in error:

This was, in effect, a confession without the defendants' consent, and the verdict ought to have been set aside on motion of defendants' attorney. *Mount* v. *Scholes,* 120 Ill. 594; *Truett* v. *Wainwright,* 4 Gilm. 411.

It was error for the court to enter judgment on the verdict while the motion to set it aside was pending and undetermined, and particularly without notice to defendants. *Mattoon* v. *Hinckley,* 33 Ill. 208; *McKee* v. *Ludwig,* 30 id. 28; *Railroad Co.* v. *Nichols,* 8 Col. 188; *Reynolds* v. *Anspach,* 14 Ill. App. 38; *Haywood* v. *Collins,* 60 Ill. 328; *Newell* v. *Coldfelter,* 3 Ill. App. 259.

The court, having entered judgment, should have set it aside when it was brought to its notice that the appearance of Abbott & Baker on behalf of the defendants was unauthorized    *Lyon* v. *Boilvin,* 2 Gilm. 629; *Martin* v. *Judd,* 60 Ill. 78; Black on Judgments, sec. 325.

And particularly should the judgment have been set aside when the appearance by the unauthorized attor-

---

*The effect of a judgment, when obtained by an unauthorized appearance by an attorney, is considered in a note to *Williams* v. *Johnson,* (N. C.) 21 L. R. A. 848.

neys also attempted to waive service of process and consent to an immediate trial without any plea having been filed or issue joined, which they had no legal right to do under even a valid appearance.  1 Black on Judgments, sec. 326; *Huntington* v. *Finch*, 3 Ohio St. 445; *O'Hara* v. *Baum*, 82 Pa. St. 416; *Browning* v. *Rome*, 9 Ark. 354; *People* v. *Bacon*, 18 Mich. 247.

WEIGLEY, BULKLEY, GRAY & EASTMAN, for defendant in error:

Neither a *nunc pro tunc* nor any other order in respect to the bill of exceptions could, after the term adjourned, be entered by the court, which would have any validity. *Railway Co.* v. *People*, 106 Ill. 652.

The authority of an attorney to appear will be presumed to be regular until the contrary is shown.  *Martin* v. *Judd*, 60 Ill. 78; *Leslie* v. *Fisher*, 62 id. 118; *Ransom* v. *Jones*, 1 Scam. 291.

Mr. JUSTICE BAKER delivered the opinion of the court:

A motion is made by defendant in error to strike the bill of exceptions from the record.  It appears from a memorandum endorsed thereon by the trial judge, that the bill of exceptions was presented to him on the sixth day of February, 1894, which was within the time limited therefor by the order of the court.  The fact that the judge failed to sign the same until the 23d day of February, and then signed and sealed it *nunc pro tunc* as of the sixth day of February, should not be permitted to work to the detriment of plaintiffs in error.  The rule is, that where a party moves in apt time he shall not be permitted to be injured by the delay or neglect of the court to act, but will be protected in his rights by a *nunc pro tunc* order, or otherwise.  *Gray* v. *Brignordello*, 1 Wall. 627.

This suit, which was upon a promissory note made by L. L. Ferris & Co., plaintiffs in error, was commenced in the circuit court of Cook county on the 12th day of Janu-

ary, 1894, and a declaration filed. On the same day the appearance of the defendants, waiving service of process and consenting to an immediate trial, was entered by Abbott & Baker, attorneys at law. The record shows that a jury was impaneled "to try the issues joined," and that there were verdict and judgment in favor of the plaintiff and against the defendants. On January 13, after verdict, but before judgment, a special appearance of the defendants was entered by James A. Fullenwider, who filed a motion to set aside the verdict. Without any express order overruling said motion, judgment was, on January 20, entered upon the verdict *nunc pro tunc* as of January 12, and on the same day a motion was made, under the special appearance in the cause, to vacate the judgment, and also a motion to continue the hearing of said motion to set aside the judgment, both of which were denied. Again, on January 27, the defendants moved the court to set aside the order of January 20, and renewed their motions which had been on that day overruled, and in support thereof offered to read certain purported affidavits of the defendant Ferris and five other persons, taken in the dominion of Canada, and an affidavit of defendant's counsel, Fullenwider, taken in this State; but the court refused to vacate its order of January 20, and overruled the said motions. To all of which said rulings by the court the defendants excepted, and sought in the Appellate Court a reversal thereof, but the Appellate Court affirmed the judgment below, and now, by writ of error, the record is brought here.

Plaintiffs in error contend that the trial court erred in rendering judgment pending, and without formally passing upon, their motion to set aside the verdict. This was a mere informality. The entry of judgment was, in effect, an overruling of the motion. *McIntyre* v. *People*, 38 Ill. 514; 12 Am. & Eng. Ency. of Law, p. 147*i*, note 2, and authorities cited.

We fail to discover any error in the rulings of the trial court. The material question raised by the various motions was whether or not Abbott & Baker were authorized to appear in behalf of the plaintiffs in error, and unless the latter had shown an absence of authority in Abbott & Baker to so appear, they had no ground on which to stand, for the court will take notice that Abbott & Baker are regularly licensed attorneys at law practicing at the bar of this State. The presumption that the appearance entered by them was regular, and that they were authorized to act as they did, was not overcome by proof. *Ransom* v. *Jones*, 1 Scam. 291; *Leslie* v. *Fischer*, 62 Ill. 118; *Martin* v. *Judd*, 60 id. 78.

The purported affidavits taken in the dominion of Canada were void, and could not properly have been considered by the court. The notaries public before whom the papers were sworn to gave no certificates of their authority to administer oaths in the dominion of Canada. Rev. Stat. chap. 101, sec. 6; *Smith* v. *Lyons*, 80 Ill. 600.

The affidavit of James A. Fullenwider did not show a want of authority in Abbott & Baker to enter the appearance of plaintiffs in error. The statements contained therein touching this point were of matters of which, in the nature of things, he could have had no personal knowledge. Statements of fact, and not simply of opinion or belief, could alone avail.

Plaintiffs in error having thus failed to support their motions by proofs, there was therefore apparent to the trial court no reason why the said motions, or any of them, should be allowed.

The judgment of the Appellate Court affirming the judgment of the circuit court is affirmed.

*Judgment affirmed.*