## National Home Building and Loan Association v. Joseph W. Fifer and Edward Barry.

1. INSTRUCTIONS.—*An Instruction Properly Refused in View of the Evidence.*—The instruction that "plaintiffs are bound to establish by a fair preponderance of the evidence, that they are licensed to practice law in the State of Illinois" was properly refused, as there was evidence that plaintiffs had expended money for defendant which they were entitled to recover.

2. EVIDENCE—*A Verdict Approved as in Accordance With.*—In a suit to recover the value of legal services the court holds, in view of the evidence. that there is no merit in the contention that the judgment should be reversed for want of proper proof in the record that the plaintiffs had been licensed to practice law in this State.

3. PRACTICE—*As to Objections to Evidence.*—In a suit to recover the value of legal services the witnesses were asked what the legal services rendered were reasonably worth, to which general objections were made. *Held*, that the objection that the question should have been confined to asking what were the usual and customary fees for similar services should have been made specifically in the trial court, and that, this not having been done, it could not be raised on appeal.

4. DAMAGES. —*Amount of, a Question for the Jury.*—In a suit to collect attorney's fees where no amount was agreed on by the parties when the contract of employment was made, the sum to be awarded is a question of fact for the jury and trial judge to determine, and in this case the court can not see that the amount assessed ($2,800) is so grossly excessive as to warrant a reversal of their finding in that regard.

Assumpsit, for attorney's fees. Appeal from the Circuit Court of McLean County; the Hon. THOS. F. TIPTON, Judge, presiding. Heard in this court at the May term, 1897. ·Affirmed. Opinion filed September 13, 1897.

JESSE R. LONG, attorney for appellant.

Our statute prohibits any person from practicing law in a court of record "without having previously obtained a

license for that purpose from some two of the justices of the Supreme Court," which license shall authorize him "to demand and receive fees for any services which he may render as an attorney and counselor at law in this State. Sec. 1, Ch. 13, R. S.

It has been expressly held by our Supreme and Appellate Courts that it must appear the parties who sue for fees as attorneys are licensed to practice law in Illinois, and that if they are not licensed attorneys in Illinois, or were not when the services were rendered, there can be no recovery. Tedrick v. Hiner, 61 Ill. 189; City of East St. Louis v. Freels, 17 Ill. App. 339; Sellers v. Phillips, 37 Ill. App. 74.

An attorney at law can not recover for professional services without proof of the qualifications required by the statute. Perkins v. McDuffee, 63 Me. 181; Ames v. Gilman, 10 Met. (Mass.) 239; Humphreys v. Harvey, 1 Bing. N. Cas. 62, 27, E. C. L. 312; Williams v. Jones, 2 Ad. & E. N. S. 276, 42 E. C. L. 673.

" In fixing the amount of a reasonable fee the examination should be directed to what is customary for such legal services where contracts have been made with persons competent to contract, and not to what is reasonable, just and proper for the solicitor in the particular case. The inquiry should be, not what an attorney thinks is reasonable, but what is the usual charge?" Reynolds v. McMillan, 63 Ill. 46; Dorsey et al. v. Corn, 2 Ill. App. 533; Casler v. Byers, 28 Ill. App. 128; 129 Ill. 657.

ROWELL, NEVILLE & LINDLEY, attorneys for appellees.

The instruction to the effect that if appellees had not proven that they were regularly licensed attorneys the jury should return a verdict for the defendant, was properly refused, because the evidence showed that appellees had paid out and expended $13.65 for the use and benefit of appellant at its request, and the instruction ignored their right to even recover that sum. Sellers v. Phillips, 37 Ill. App. 74; Hughes v. Dougherty, 62 Ill. App. 464; Perkins v. McDuffee, 63 Me. 181.

Where the question of the license of a physician arises between the doctor and one who employed him, the license to practice will be presumed. Williams v. People, 20 Ill. App. 95; City of Chicago v. Wood, 24 Ill. App. 40.

In an action for attorney's fees it was shown that the plaintiff acted as an attorney in the Court of Common Pleas in pursuance of a retainer by defendant. That was *prima facie* evidence that he was at that time an attorney of that court, and unless this evidence was rebutted, the plaintiff was entitled to recover. It lay upon defendant to show that plaintiff had no license. Pearce v. Whale, 5 Barn. & C. 38.

Where it appears that the defendant retained the plaintiffs as attorneys, and the services sued for were performed under such retainer, the defendant can not in the first instance require plaintiffs to prove a regular license. The presumption is against the defendant. It lies with the defendant to show that plaintiffs had no license. McPherson v. Cheadell, 24 Wend. (N. Y.) 24.

Mr. Justice Burroughs delivered the opinion of the Court.

This is a suit brought by appellees Fifer & Barry, attorneys at law, practicing at Bloomington, Illinois, against the appellant, National Home Building and Loan Association, in assumpsit, on the common counts, damages $5,000. They seek to recover the value of services alleged to have been rendered by appellees, as attorneys, and expenses incurred by them in defending for appellant a suit instituted in the McLean Circuit Court, on the 18th day of January, 1896, by the People of the State of Illinois ex rel. David Gore, Auditor Public Accounts, v. National Home Building and Loan Association, for the dissolution of said corporation and the appointment of a receiver for it; said suit being brought under the statute of Illinois, making it the duty of the auditor to examine this class of associations periodically, and if he finds their assets insufficient to justify a continuance of business by them, or that they are guilty of

illegal practices, after giving sixty days' notice to the association to correct the practices complained of, or make good their assets, to report the same to the attorney general, whose duty it becomes to institute proceedings of the character named. Appellees were retained by appellant, with their regular and general attorney, in the defense of said suit.

Notice was served on appellant on the 17th day of January, 1896, by the attorney general, that on the day following he would file the suit above indicated. The bill was filed in pursuance of the notice. A demurrer by appellant to that part of the bill charging illegal practices and to a part of the same charging insolvency, and a plea to the remaining portion of the bill charging insolvency, were filed, and one week after the filing of the bill the questions arising on the bill, demurrer and plea were argued before the Circuit Court, and by agreement of counsel all the questions being argued as though raised by demurrer; and on February 4, 1896, demurrer was sustained. The attorney general took an appeal to the Supreme Court, and in the early part of June, 1896, an oral argument was made in that court, appellant's three solicitors all taking part. A printed brief and argument was also filed in the Supreme Court in that case, by all the solicitors of appellant.

At the time appellant employed appellees as attorneys to defend it in said proceedings, no special amount was agreed upon as pay for their services and charges in defending the same; but appellees promised at the time that their fees and charges would be reasonable.

On the trial of this case in the court below, it appears from the evidence that the assets of appellant, when said bill was filed against it, amounted to about $1,260,000. Upon a trial of this case by jury in the court below, a verdict was returned for appellees, and their damages assessed at $2,800, and after hearing a motion for a new trial, made by appellant, the court below denied said motion and gave appellees judgment on the verdict and for costs.

From that judgment appellant brings this case to this

court by appeal, and urges that said judgment ought to be reversed. First, because the court below erred in overruling its motion for a continuance. We have carefully examined the affidavit presented to the court in support of the motion for a continuance, and find that appellant did not show in said affidavit, that diligence in trying to procure the attendance of the two absent witnesses that the law requires should be shown, in order to entitle it to a continuance on account of the absence of said witnesses. The second reason urged by appellant why the judgment below should be reversed is because the court should have given the jury the fifth instruction requested by it. Said instruction is as follows:

"5. The plaintiffs are bound to establish by a fair preponderance of the evidence in this case, that they are licensed to practice law in the State of Illinois, and unless you shall find that such fact has been established by plaintiffs by a fair preponderance of the evidence, than it is your duty to find for the defendant."

We think the court below did not err in refusing said instruction, because there was uncontradicted evidence that appellees had expended some money in and about defending said case for appellant, which they were entitled to recover, which would have made it error to instruct the jury to find for the appellant if appellees had failed to prove they were licensed to practice law in Illinois. This refused instruction was the only way in which appellants, in the court below, sought to get a ruling of that court on the question of the necessity for appellees to prove that they were licensed to practice law in Illinois before they could recover in this case for the services rendered to appellant as attorneys, that we can notice under this contention. We think, in view of the fact that Governor Fifer, one of the appellees, testified that he was a practicing lawyer at the Bloomington bar; was admitted to this bar in the spring of 1869; had been in some of the heaviest litigations, in the Circuit, the Appellate, and the Supreme Courts of this State. And Edward Barry, the other of the appellees, tes-

tified that he was a practicing lawyer, and a partner of Governor Fifer, practicing law at Bloomington; had been general attorney for the Equitable Loan Association of said city for three or four years; together with the fact that appellants offered no evidence that appellees were not licensed attorneys in this State, and as our Supreme Court held in the case of Luther N. Ferris et al. v. Commercial National Bank, 158 Ill. 237, that the courts will take judicial notice of who are regularily licensed attorneys at the bar of this State, that we are justified in saying there is no merit in appellant's contention that we should reverse the judgment for want of proof in this record that appellees were not shown, by proper evidence on the trial in the court below, to have been licensed to practice law in this State.

Appellant urges as a third reason why this judgment should be reversed, that " The court below erred in admitting evidence on the trial in behalf of appellees, and in giving instructions to the jury in behalf of appellees as to reasonable value of appellees' services as attorneys, when it did not appear that there was no usual or customary charges for such, or like services." We find by examination of the evidence referred to in this case, that while the inquiry in the court below might have been by proper objections made to the court, by appellant, specifically confined to what were the usual and customary fees paid at Bloomington, Illinois, to attorneys for similar services as those shown to have been rendered by appellees to appellant—if there was there such usual and customary fees charged—yet, since appellant made no such specific objection in the court below, to questions put to appellee's witnesses as to what the legal services rendered by appellees to appellant were reasonably worth, but contented itself by only urging a general objection to such questions, it can not be heard to complain for the first time in this court, that the trial court did not confine appellees to showing what was the usual fees charged and paid at Bloomington, Illinois, for similar legal services. The fact is, that appellees, in this case brought themselves within the rule in such cases, as is established in the case of

L., N. A. & C. Ry. Co. v. Wallace, 136 Ill. 87. As to the instructions of the court given to the jury at the request of appellees, informing the jury that they might, in fixing the amount of damages that appellees have sustained, if any, allow them whatever they believed from the evidence that said services were reasonably worth, being erroneous; we will say, that these instructions do not contain reversible error, because they fit the evidence which was given in behalf of both appellees and appellant, without objection from either side; hence neither ought to complain here.

Finally appellant insists that the damages awarded to appellees by this judgment are excessive, and for that reason we ought to reverse the judgment.

But we think the amount that should be paid to appellees for their charges and services in defending appellant, as its solicitors in the case in question, where no amount was fixed by the parties when the contract of employment was made, was wholly a question of fact for the jury and trial judge to determine, and we can not see in this record that the amount determined by them, is so grossly excessive as to warrant us in reversing their findings on that account. Therefore, after a patient and careful consideration of all the many errors assigned by appellant why this judgment should be reversed, we have concluded that there were no reversible errors committed in the court below, and that the result reached in that court in this case is a fair disposition of the matters in issue between the parties to this record. We therefore affirm the judgment.

Judgment affirmed.