## James E. Pepper Distributing Company et al. v. Jastrow Alexander et al.

### Gen. No. 13,771.

1. INJUNCTION—*when bill for, sufficiently verified; when not.*
"Where the facts are positively affirmed, it is not necessary for affiant to state the source of his knowledge, and the affidavit will be presumed to have been made on his personal knowledge, if the facts are of such a character that he may have known them, and it does not appear that he did not; but where it appears that affiant could have had no personal knowledge as to material allegations, the affidavit is defective."

2. WAREHOUSE RECEIPT—*when negotiable.* A warehouse receipt is negotiable where it recites that the merchandise therein referred to is held "subject to the order" of the bailee. Such a receipt is none the less negotiable if it provides for surrender of the merchandise upon "the payment of the purchase price," etc.

Bill for injunction. Appeal from the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Reversed. Opinion filed December 6, 1907.

**Statement by the Court.** This is an appeal by the defendants from an interlocutory order of injunction restraining them from " 'in any manner transferring or negotiating or disposing' of twenty-two promissory notes 'referred to in the bill of complaint, and from maintaining or further prosecuting any legal proceeding whatsoever on said notes or any one of them in any court whatsoever.' "

The bill alleges that complainants are wholesale liquor dealers in New York City; that they verbally agreed with the defendant Pepper Company, November 12, 1906, through its manager, Darmstadter, that they should be the sole agents of said company in Greater New York, and sets out in some detail the terms of such verbal agreement; that Darmstadter agreed to said matters and to other matters later in the bill set forth and, after such negotiations, stated

that important business engagements compelled him to leave New York; that the Pepper Company, through Darmstadter, agreed that upon his return to New York a written agreement would be entered into, but in the meantime a temporary agreement should be drawn up to be supplanted by such formal agreement; that complainants, not as a separate transaction, but as a part of their appointment as such sole agents, ordered 150 barrels of said whiskey. The bill then sets out *in haec verba* a written contract dated November 12, 1906, between said parties, signed by complainants and by said Pepper Company by Darmstadter, manager, and also a written contract signed by said parties, whereby the Pepper Company sold to complainants and they purchased of said company 150 barrels of whiskey, therein specified and described, "in bond, the warehouse receipt for same being this day delivered to us," at the price of $6,236.40, of which complainants paid in cash $500 and agreed to pay $500 December 12, $500 January 12 and $236.86 "on the 12th day of each following month until the amount of this purchase is paid in full"; that Darmstadter refused thereafter to enter into a formal writing with complainants; that the Pepper Company has also refused to enter into one; that Darmstadter promised during said negotiations the things theretofore set forth in the bill and still other things thereafter set forth, "and agreed to deliver negotiable warehouse receipts for the whiskies bought by complainants"; that complainants have prepared a formal agreement such as was contemplated, and tendered the same to the Pepper Company for execution, but that company refused to execute the same. The bill then sets out the draft of a contract signed by complainants, but not by the Pepper Company, and avers that the same sets forth the terms and conditions agreed to orally, and of right should be entered into between said parties; that complainants paid the Pepper Company said sum of $6,236.40 as follows: In cash $500, two

notes for $500 each, and twenty notes for $238.66 each. The amendment to the bill sets forth the form of the warehouse receipts delivered to complainants by the Pepper Company.

The bill further avers that said receipts providing that the whiskey shall be delivered, "upon payment of the purchase price" are in that respect erroneous, and not such as complainants are entitled to receive, as they had "prepaid for said whiskey."; that complainants had demanded of the Pepper Company an unconditional receipt which said company refused to give; that complainants had forwarded to said Pepper Company a receipt for ten barrels of said whiskey and paid said company $432.08, the amount of taxes and storage on the whiskey specified therein, but said company refused to deliver said whiskey to complainants; that said Pepper Company had in other respects, stated in the bill, failed to comply with its said promises; that it is a custom of the trade in buying whiskey in bond, as Darmstadter and the Pepper Company knew, to receive negotiable certificates, but the certificates given complainants are non-negotiable and valueless and defendants "refused to give them any better"; that there has been a failure of consideration in that regard and complainants have received from the said Pepper Company no value whatever for the cash and notes aforesaid; that the defendant Wolf Company acted "in league with the Pepper Company and well knew the false pretenses and swindling scheme of the said Pepper Company"; that said Wolf Company now holds said promissory notes and claims to be the holder thereof, has brought suit upon one of said notes in New York and will, unless restrained by injunction, prosecute that suit and suits upon other of said notes, to the irreparable injury of complainants; that the officers of said two defendant companies were in November, 1906, and since have been the same, and that all transactions of each company have been known to the other.

Zeisler, Friedman & Mergentheim, for appellants.

Rosenthal, Kurz & Hirschl, for appellees.

Mr. Presiding Justice Baker delivered the opinion of the court.

The injunction was granted upon, "the bill and amendment thereto read as affidavits." The affidavit to the bill is as follows:

"I, Andrew J. Hirschl, being duly sworn, do on oath say that I am one of the attorneys of the complainants to the above entitled bill; that the complainants are without the jurisdiction of this court; that I have personally examined the documents and papers relative to this matter and that the foregoing bill is true in substance and in fact."

"Where the facts are positively affirmed, it is not necessary for affiant to state the source of his knowledge, and the affidavit will be presumed to have been made on his personal knowledge, if the facts are of such a character that he may have known them, and it does not appear that he did not; but where it appears that affiant could have had no personal knowledge as to material allegations, the affidavit is defective." Cyclopedia of Law & Procedure, Vol. 2, page 24.

The bill alleges that an oral agreement was made between complainants and Darmstadter, the manager of the Pepper Company, and the right to relief is based upon the allegations that the written contract signed by the parties is not in accordance with the terms of the contract thus orally agreed upon between complainants and Darmstadter. In the verification of the bill the facts are positively affirmed. So in Ferris v. Com. Nat. Bank, 158 Ill. 237, it appears from an examination of the abstract that the facts were positively affirmed by Fullenweider in his affidavit, and it was held that statements in his affidavit

which related to matters, ''of which in the nature of things he could have had no personal knowledge,'' could not be considered proof of such matters. In McDonald v. Starkey, 42 Ill. 442, it was held that to reform a deed, the testimony must be of persons who have the means of knowing, and do know, what the intention of the parties was and that a mistake occurred. We think it clearly appears from the allegations of the bill and the statements in the affidavit, that affiant in this case had not, in the nature of things, the means of knowing and could not know what was verbally agreed upon in New York between complainants and Darmstadter, the manager of the Pepper Company, and that the affidavit must therefore be held insufficient, to warrant or support the order appealed from.

But if the verification of the bill be held sufficient, the question is presented whether facts stated in the bill are sufficient to entitle complainants to the injunction granted. The injunction only restrains the negotiation of certain notes and the prosecution of any suit thereon by the defendants. Upon this appeal the question of the sufficiency of the bill to entitle the complainants to other relief than making permanent the temporary injunction is not involved.

The bill alleges that at the time complainants entered into the verbal agreement with the Pepper Company through Darmstadter they, ''not as a separate transaction, but as a part of their appointment as sole agents, ordered 150 barrels of said whiskey.'' The contract in writing for the purchase and sale of said whiskey, as set out in the bill, is as follows:

"Jas. E. Pepper Dist'g Co.,

November 12, 1906.

Sold to Jastrow Alexander & Co.,

New York.

*Age*

| No. of Bbls. | Spg. or Fall Year | Brand | Serial Nos. | Proof Gals. | Price | Total Amt. |
|---|---|---|---|---|---|---|
| 50 | 1901 | Jas. E. Pepper. | 235184 | 95 | 9 | 2,234.24 |
| 50 | 1902 | Jas. E. Pepper. | 239104 | 90 | | 2,151.31 |
| 50 | 1903 | Jas. E. Pepper. | 231376 | 80 | | 1,850.22 |

6,236.40

Jastrow Alexander & Co.,

Paid

By Note.

Nov. 13, 1906.

This is to certify that we have this day purchased of Jas. E. Pepper Dist'g Co., 150 barrels Pepper whiskey in bond, the warehouse receipt for same being this day delivered to us.

For same we agree to pay 80-90-95 cents per gallon in bond, the total amount of this purchase being $6,236.40.

We have made today a cash payment on same of $500, and $500 on December 12, and $500 on January 12th, and agree to pay the sum of $238.66 on the 12th day of each following month until the amount of this purchase is paid in full.

Jastrow Alexander & Co.,

Purchaser.

S. Darmstadter,

Manager."

The warehouse receipts delivered by the Pepper Company to complainants were, according to the averments of the amendment to the bill, in form as follows:

"Stored in the U. S. Bonded Warehouse  *  *  *

at Distillery No. 5, located in Lexington, Fayette county, Kentucky, the following described five barrels Pepper Whiskey, subject from the delivery hereof to the order of Jastrow Alexander Company, deliverable only on return and surrender of this receipt and payment of purchase price, Government, State and County taxes and storage, 5c per bbl. per month from Nov. 12, 1906; loss or damage by fire, the elements, leakage or shrinking at owner's risk.''

The allegations of the bill in relation to said receipts, the giving of the promissory notes mentioned in the bill by complainants and the failure of consideration are: that complainants "paid to said Pepper Company" the $6,236.40 called for by said items of sale as follows: $500 in cash, two negotiable promissory notes for $500 each, dated November 12, 1906, payable in one and two months after date, and twenty other notes of the same date for $238.66 each, one payable three months after date and one at the end of each month thereafter; that the Pepper Company delivered to complainants certain receipts calling for whiskey conditioned; ''that no whiskey can be drawn upon them until the purchase price be paid, in which regard said receipts are erroneous and not such as complainants are entitled to, as they have prepaid for said whiskey;'' that complainants have demanded of the Pepper Company unconditional receipts which said company refuses to give; that November 22, 1906, they forwarded to the Pepper Company a certificate for ten barrels of said whiskey, paid the amount of taxes and storage charges thereon, but said company refuses to deliver said whiskey or any part thereof; ''that it is a custom of the trade in buying whiskey in bond, and was well known to said Darmstadter and said Pepper Company and complainants, to receive negotiable certificates, but that as aforesaid, defendant has given them non-negotiable and valueless certificates and refuses to give them any better; that there has been a failure of consideration in that regard, and

complainants have received from the said Pepper Company no value whatever for the cash or notes aforesaid.''

By the terms of the warehouse receipt set forth in the amendment to the bill, the whiskey therein mentioned is held subject, ''to the order,'' of complainants on delivery and surrender of the receipt. The receipt was therefore negotiable. The fact that a receipt provides that the whiskey shall be delivered on the surrender of the receipt and ''the payment of the purchase price,'' taxes, etc., does not affect the negotiability of the receipt. The receipts were accepted by the complainants. There is no allegation in the bill that it was verbally agreed between the parties that the receipts to be delivered by the Pepper Company to complainants should be in any respect different from those which were delivered and accepted. The bill does not, in our opinion, state facts sufficient to entitle the complainants to have the contract reformed so as to require the Pepper Company to deliver to complainants warehouse receipts without the words, ''payment of purchase price'' therein.

The allegations of failure of consideration in the bill are based upon the allegations that the Pepper Company gave complainants, ''non-negotiable and valueless certificates and refused to give them any better; that there has been a failure of consideration in that regard,'' etc. It is not necessary to decide whether, under the averments of the bill, the notes of complainants were or were not delivered and accepted in payment of the remainder of the purchase price of the whiskey. If they were so accepted, then the ''purchase price'' was paid in full and complainants, upon surrender of a warehouse receipt and payment of the taxes and storage charges, were entitled to have the whiskey specified in such receipt delivered to them by the Pepper Company, and upon its refusal to deliver the same, could maintain an action at law therefor. If they were not so delivered and accepted, if

the contract was that the Pepper Company should not deliver any of the whiskey until the notes given for a part of the purchase price had all been paid, such agreement would not affect the validity of the notes or constitute a failure of consideration therefor.

In our opinion, the complainants were not, upon the facts alleged in the bill, entitled to the injunction granted, and the order appealed from will therefore be reversed.

*Order allowing injunction reversed.*