## Samuel K. Markman, Appellee, v. Charles F. Forster, Appellant.

## Gen. No. 16,405.

EVIDENCE—*what prima facie, of license to practice law.* If a person testify that he has practiced law in the particular territory in question for a period of years this establishes *prima facie* that he was duly licensed to practice.

Appeal from the County Court of Cook county; the HON. FRANK G. PLAIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed May 15, 1912.

JOHN MASSEN, for appellant.

COONEY & VERHOEVEN, for appellee; PHILIP S. BROWN, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellee recovered a verdict and judgment against appellant in the County Court for $475, for legal professional services and this appeal followed.

Appellant resided in Oak Park and had some business or property interests in the village of Franklin Park, attention to which disclosed some apparent ir-

regularities in the conduct of the municipal business. He sought to obtain certain information from the clerk of the village board and by inspection of the official records. The village clerk doubted the propriety of giving the information to appellant, or permitting appellant to inspect the official records, and sought the advice of appellee as to his duty in the premises. A conference was had in the city of Chicago at which there were present K. W. Pelsma, the village clerk, appellee, acting as his legal adviser, appellant and Robert E. Turney, acting as his legal adviser. Appellee advised the village clerk that appellant was entitled to the information he desired and was also entitled to examine the official records. A clear preponderance of the evidence tends to show that at the conference then held appellant desired to know what could be done to stop the existing abuses, and appellee, after conferring with Turney, suggested a line of procedure to be adopted; that Turney, owing to pressure of other business and his unfamiliarity with the questions involved, recommended that appellee be retained by appellant to make the necessary examination and conduct the litigation; that appellee signified his willingness to undertake the work if appellant would pay for his services; that appellant told appellee to go ahead and he would pay him; that appellee thereafter examined the records and ascertained the necessary facts, and prepared and filed two bills in equity,—one to enjoin the payment of certain warrants and one to enjoin the carrying out of a certain alleged illegal contract; that while Turney's name appeared as of counsel in the cases, the actual work involved was performed by appellee; that appellee appeared in open court and argued certain motions in said cases before the chancellor, and that appellant was present in court on one or more such occasions; that appellant advanced certain necessary costs and expenses incurred in the prosecution of said cases.

We have no doubt, under the evidence, that appellant became liable to pay appellee his reasonable fees and charges for the services performed by him. The proceedings were instituted upon the initiation and for the benefit of appellant, and there is no plausible theory under the evidence upon which Pelsma, the village clerk, can be held liable to pay appellee for his services. Pelsma, in view of his relations to the municipal administration, appears to have been an unwilling party to the proceedings.

Appellee, when called as a witness, gave a detailed statement of the services performed by him and of the time necessarily occupied by him in performing the same. He further testified that his charge for his entire services was $690; that the customary, usual and reasonable fee for similar services of attorneys practicing their profession in Chicago would be $1,000.

John H. Rollins and Lucien E. Harding, attorneys practicing their profession in Cook county, in answer to hypothetical questions, which were fairly and substantially predicated upon the testimony of appellee, and also from an examination of some of the files in the suits involved, testified that the usual, customary and reasonable charge at the bar of Cook county for the professional services performed by appellee was from $700 to $800. Upon this question no countervailing evidence was offered on behalf of appellant, and the amount awarded by the jury is well within the range of the competent evidence in the record.

A reversal of the judgment is asked because appellee failed to make proof of his possession of a license to practice law in this State at the time he performed the services in question. Appellee testified that he was an attorney in the city of Chicago and had been a member of the bar for nine or ten years then last past. This constituted sufficient *prima facie* proof that he was duly licensed to practice law in this State. Nat. Home B. & L. Ass'n. v. Fifer, 71 Ill. App. 295.

The instructions complained of are substantially accurate statements of the law.

There is no error in the record and the judgment is affirmed.

*Judgment affirmed.*