## Robert H. Dunaway, Plaintiff in Error, v. Sam T. Brush et al., trading as Colp-Brush Company, et al., Defendants in Error.

1. Appeal and error, § 1034*—*what will be judicially noticed.* The Appellate Court will take judicial notice that a certain judge of the Circuit Court continued to hold office until the expiration of his term.

2. Appeal and error, § 857*—*when certificate of evidence is not properly signed by other than trial judge and filed.* Where a certificate of evidence was presented to the judge trying the case within the time fixed in the order allowing an appeal, but was signed and sealed by another judge some time after said time had expired, with no order extending such time, and no reason appearing why the trial judge, whose term of office had not expired, did not sign the certificate or why the other judge did, *held* that such certificate was not properly signed and filed under the Practice Act, sec. 81 (J. & A. ¶ 8618), providing that in case the trial judge is unable by reason of death, sickness or other disability to sign a certificate of evidence, the judge succeeding him or any other judge of the court may sign same.

3. Appeal and error, § 862*—*when certificate of evidence may be filed nunc pro tunc as of time fixed by order.* A certificate of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

evidence must be filed within the time fixed by the court granting the order therefor, and if presented but not signed within such time, the party presenting same is entitled to an order *nunc pro tunc* directing its filing as of the time prescribed in such order.

4. APPEAL AND ERROR, § 862*—*what is essential to sustaining of nunc pro tunc order for filing of certificate of evidence.* To sustain a *nunc pro tunc* order for the filing of a certificate of evidence, there must be sufficient in the record itself to show affirmatively that the trial judge was authorized under the law to enter it.

5. APPEAL AND ERROR, § 862*—*what delay in filing certificate of evidence must be explained.* Irrespective of the statute, a party prosecuting a writ of error cannot by presenting an incomplete or a complete certificate of evidence to the trial judge within the time prescribed by the order of the court afterwards hold the certificate for more than two years before filing it, without an affirmative showing of some very good reason for so holding it.

6. ACCOUNT, § 35*—*when equities with defendant in suit for accounting for commissions.* Evidence *held* to show that the equities of the case were with defendants, in suit for accounting and injunction to recover for certain commissions claimed growing out of a certain contract.

Error to the Circuit Court of Franklin county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

W. F. SPILLER, for plaintiff in error.

DENISON & SPILLER and HOSEA V. FERRELL, for defendants in error.

MR. JUSTICE BOGGS delivered the opinion of the court.

Plaintiff in error filed a bill for accounting and injunction to recover for certain commissions claimed by him growing out of a contract entered into between him and Sam T. Brush, Leon Colp, John Colp, Arthur Roberts and George S. Roberts, doing business as Colp-Brush Company. These persons with certain others were made parties defendant. A trial was had

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

resulting in a finding for defendants in error and said bill was dismissed for want of equity at plaintiff in error's cost. To reverse said judgment, plaintiff in error sued out this writ.

Defendants in error, limiting their appearance for said purpose, made a motion in this court to strike from the record the certificate of evidence, alleging as ground for said motion that the certificate was not signed by the judge who tried the cause; that the same was not signed within the time allowed by the court; that the purported certificate of evidence presented to Judge William H. Green, who tried said cause, was not the same certificate of evidence that was afterwards signed by Judge Charles H. Miller; that no sufficient reason was shown why the judge who tried the cause did not sign the certificate of evidence; that the same was not filed with the Circuit clerk within the time provided by law or the order allowing the appeal; and that the time elapsing after the order allowing the appeal to the time the certificate was filed was unreasonable and not authorized by law. Said motion was taken with the case.

The record discloses that said cause was tried before the Hon. William H. Green, one of the judges of said Circuit Court, and the order dismissing plaintiff in error's bill was entered on March 12, 1913. An appeal being prayed by plaintiff in error, was allowed, the bond was fixed at $300, to be filed in thirty days and the certificate of evidence to be presented within sixty days. On May 9, 1913, counsel for plaintiff in error presented what purported to be the evidence to Judge Green, and he noted thereon: "Presented this 9th day of May, A. D. 1913, William H. Green, Judge." So far as the record discloses, Judge Green had nothing further to do with the case. No order was made by him extending the time for the signing

or filing of the certificate of evidence. Thereafter, on February 15, 1916, the Hon. Charles H. Miller, one of the then Circuit judges of Franklin county, signed and sealed the certificate of evidence appearing of record in this case. The record is absolutely barren of any legal reason why Judge Green, who tried said cause, did not sign the certificate of evidence and as to why Judge Miller signed the same. This court will take judicial notice that the Hon. William H. Green continued to hold the office of Circuit judge of said Circuit Court until his term expired in June, 1915, when the Hon. Charles H. Miller was elected as one of the judges of said court. Judge Green's term of office did not expire for more than two years after the decree was entered dismissing said bill.

Section 81 of the Practice Act, being section 81 of chapter 110, Hurd's Rev. St. (J. & A. ¶ 8618), provides among other things: That "in case the judge before whom the cause has heretofore been, or may hereafter be tried, is, by reason of death, sickness, or other disability, unable to hear and pass upon a motion for a new trial in a case at law, and allow and sign a bill of exceptions, certificate of evidence or report of trial, then the judge who succeeds such trial judge, or any other judge of the court in which the cause was tried, holding such court thereafter, if the evidence in such case has been or is taken in stenographic notes, or if the said judge is satisfied by any other means that he can pass upon such motion in a case at law, and allow a true bill of exceptions, certificate of evidence, or report of trial, shall pass upon said motion, in a case at law, and allow and sign such bill of exceptions, certificate of evidence or report of trial; and his ruling upon such motion in a case at law, and allowance and signing such bill of exceptions, certificate of evidence, or report of trial, shall be as valid as if such ruling and allowance and signing had been made by the

judge before whom such cause was tried." This act was construed by the Supreme Court in the case of *People v. Rosenwald,* 266 Ill. 548. At page 551, the court says: "Previous to 1907, the general Practice Act of this State contained no provisions of this kind. This court, however, had made numerous rulings before the passage of this portion of said section 81 of the Practice Act which had more or less bearing on the question here under consideration. In *David v. Bradley,* 79 Ill. 316, the court held that a bill of exceptions signed by one judge without the consent and against the objection of one of the parties, containing proceedings which took place wholly before another judge, was irregular and unauthorized. In *Alley v. McCabe,* 147 Ill. 410, the question was raised after the death of the trial judge whether any other judge had authority to sign the bill of exceptions, and it was there intimated that even though this might be done, it would only be permitted where the record showed that the appellant had used due diligence to obtain a bill of exceptions, not only after but before the death of the trial judge. Later, in *People v. McConnell,* 155 Ill. 192, the same case being under consideration, it was held, after a review of the authorities, that after the death of the trial judge, after verdict but before motion for new trial, the succeeding judge had authority, and it was his duty, to decide the motion for new trial. By a long and unbroken line of decisions this court has also held that a bill of exceptions was originally intended to be reduced to form and signed during the term in which the cause is tried, except in cases where counsel consent, or the judge by an entry on the record directs, that it may be prepared in vacation and signed *nunc pro tunc.*" Citing: *Evans v. Fisher,* 10 Ill. (5 Gilm.) 453; *Wabash, St. L. & P. Ry. Co. v. People,* 106 Ill. 652; *Burst v. Wayne,* 13 Ill. 664; *Hake v. Strubel,* 121 Ill. 321; *Ferris v. Commercial Nat. Bank,* 158 Ill. 237;

*West Chicago St. R. Co. v. Morrison, Adams & Allen Co.,* 160 Ill. 288; *Railway Conductors' Benefit Ass'n v. Leonard,* 166 Ill. 154; *Chaplin v. Illinois Terminal R. Co.,* 227 Ill. 166; *Haines v. Danderine Co.,* 248 Ill. 259; *Hill Co. v. Guaranty Co.,* 250 Ill. 242.

In *Hall v. Royal Neighbors of America,* 231 Ill., page 192, the Supreme Court says: ''It is settled by numerous decisions that if a bill of exceptions is presented to the trial judge at such time that it can be filed within the time allowed by the order of the court if it is then signed and sealed, the party presenting it will not be prejudiced by any delay or neglect of the court. If the date of presentation appears on the bill, an order may be made whenever it is afterwards signed and sealed, to file it *nunc pro tunc* as of the date of such presentation to the judge.'' (Citing: *Hawes v. People,* 129 Ill. 123; *Ferris v. Commercial Nat. Bank of Chicago,* 158 Ill. 237; *West Chicago St. R. Co. v. Morrison, Adams & Allen Co.,* 160 Ill. 288.) ''A bill of exceptions on its face, purports to be signed at the time the exception is taken in the course of the trial, whether it is presented then or afterward; but if it is presented within the time as extended by the court and that fact is shown on the bill, it may be afterward filed of that date within a reasonable time after it is actually signed. This case does not come within that rule, but the failure to file the bill of exceptions was chargeable solely to the attorney who had possession of it. The Appellate Court did not err in striking the bill of exceptions from the files, and the affirmance of the judgment, under the rules of the court, for failure to file abstract, brief and argument, followed as a matter of course.''

Construing the certificate of evidence in this case under the provisions of the statute above quoted and the decisions of the Supreme Court, construing said statute, we hold that it was not properly signed and filed. Counsel for plaintiff in error concedes in his brief that the certificate of evidence signed by Judge

Miller was not the certificate of evidence presented to Judge Green, who tried the cause. The language of counsel being as follows: "The certificate of evidence was presented in the time required by order of the court, to-wit: May 9, 1913, but did not have the map showing the lands in question attached; which purported to have been used when the original contract between Colp-Brush Company and complainant was entered into. This map was found in the office of the clerk of the Circuit Court a short time before re-presenting to the attorneys for defendants and attached to the certificate of evidence. After which the certificate of evidence was signed by Hon. Charles H. Miller, one of the Circuit Judges of the Second Judicial District and presiding Judge of the Franklin County Circuit Court."

The map evidently was of sufficient importance according to the statement of counsel to render the certificate of evidence insufficient until it was included therein. The statement of counsel for plaintiff in error as to why it was not included in the certificate as presented to Judge Green furnishes no sufficient excuse for not having the certificate of evidence settled in accordance with the rule entered by the court.

It is further to be observed that the certificate of evidence after being signed by Judge Miller was thereafter on the same day, to wit: February 15, 1916, filed with the Circuit clerk. Under the decisions of the Supreme Court above quoted from, a certificate of evidence must be filed within the time fixed by the court granting the order therefor, and if for any reason (the certificate of evidence having been presented within the proper time) the judge who tried the cause fails to sign the same within said time, then the party presenting the bill of exceptions has the right to have an order of court entered *nunc pro tunc* directing the filing of the certificate of evidence as of the time pre-

scribed by said order. No such order was applied for in this case, and if it had been applied for there is nothing in the record on which to base the same.

If a *nunc pro tunc* order is entered, there must be sufficient in the record itself to show affirmatively that the trial judge was authorized under the law to enter such order. *People v. Rosenwald, supra,* 555.

Without reference to the provisions of the statute above referred to, we hold that a party prosecuting a writ of error cannot by presenting an incomplete, or even a complete, certificate of evidence to the trial judge, within the time prescribed by the order of court, afterwards hold said certificate for more than two years before filing without an affirmative showing of some very good reason why the same is so held. It is the object of the statute that a bill of exceptions or certificate of evidence shall be settled within a reasonable time after the trial of the case. The motion to strike the certificate of evidence under the holding of the Supreme Court in the case of *Hall v. Royal Neighbors of America, supra,* should be allowed, and it is so ordered.

Notwithstanding we have allowed the motion of defendants in error to strike the certificate of evidence from the record, we have examined the case on its merits and have considered the evidence contained in said certificate, and while said evidence is conflicting, we are of the opinion that the weight of the evidence discloses that the equities of the cause are with the defendants in error, and the trial court did not err in ordering said bill dismissed for want of equity at plaintiff in error's cost.

The judgment of the trial court will therefore be affirmed.

*Judgment affirmed.*